[Cite as *State v. Kemery*, 2011-Ohio-6043.]

[Please see nunc pro tunc opinion at 2011-Ohio-6715.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| LEE  DARREN KEMERY | : | Case No. 11-CA-55 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Municipal Court, Case
                                                            No. 10CRB02521


JUDGMENT:          Affirmed


DATE OF JUDGMENT:          November 18, 2011


APPEARANCES:

For Plaintiff-Appellee                            For Defendant-Appellant

TRICIA M. MOORE                              DAVID B. STOKES
40 West Main Street                            21 West Church Street
Newark, OH  43055                             Suite 206
                                                            Newark, OH  43055

*Farmer, J.*

{¶1}   On November 12, 2010, appellant, Darren Kemery, was charged with violating a civil protection order in violation of R.C. 2919.27.  The civil protection order was issued on July 9, 2010 for the benefit of appellant's ex-wife, Danielle Rowan.  On October 23, 2010, appellant sent an email to Ms. Rowan's grandparents which included various comments about Ms. Rowan, and encouraged the grandparents to relay the contents of the email to her.

{¶2}   A bench trial commenced on April 28, 2011.  By judgment of conviction filed same date, the trial court found appellant guilty and sentenced him to ninety days in jail, eighty-seven days suspended.

{¶3}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶4}   "THE TRIAL COURT COMMITTED HARMFUL ERROR AND/OR ABUSED ITS DISCRETION BY FINDING APPELLANT GUILTY OF THE CHARGE HEREIN."

II

{¶5}   "THE TRIAL COURT COMMITTED HARMFUL ERROR AND/OR ABUSED ITS DISCRETION IN DENYING APPELLANT'S TIMELY MOTION FOR ACQUITTAL, PER O CRIM R 29(B)."

I, II

{¶6} Appellant claims the trial court erred in finding him guilty of violating the civil protection order and in denying his Crim.R. 29 motion for acquittal. We disagree.

{¶7} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks* (1991), 61 Ohio St.3d 259. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia* (1979), 443 U.S. 307. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin* (1983), 20 Ohio App.3d 172, 175. See also, *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

{¶8} Crim.R. 29 governs motion for acquittal. Subsection (A) states the following:

{¶9} "The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not

reserve ruling on a motion for judgment of acquittal made at the close of the state's case."

{¶10} The standard to be employed by a trial court in determining a Crim.R. 29 motion is set out in *State v. Bridgeman* (1978), 55 Ohio St.2d 261, syllabus:

{¶11} "Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt."

{¶12} Appellant argues the email he sent to Ms. Rowan's grandparents did not violate the civil protection order. The complaint filed November 12, 2010 alleged the following:

{¶13} "One Kemery, Lee D. did unlawfully and knowingly make a telecommunication to a premises when the recipient of said telecommunication had previously advised him not to make such telecommunication to the premises or telecommunication device contrary to Section 2917.21 ORC a misdemeanor first degree of the degree."

{¶14} The specific terms of the civil protection order issued July 9, 2010 included the following orders:

{¶15} "TERMS AND CONDITIONS OF ORDER (Mark all that are applicable):

{¶16} "01 The subject is restrained from assaulting, threatening, abusing, harassing, following, interfering, or stalking the protected person and/or the child(ren) of the protected person.

{¶17} "04 The subject is required to stay away from the residence, property, school, or place of employment of the protected person or other family or household member.

{¶18} "05 The subject is restrained from making any communication with the protected person, including but not limited to personal, written, or telephone contact, or their employer, employees, or fellow workers, or others with whom the communication would be likely to cause annoyance or alarm the victim.

{¶19} "07 The subject is prohibited from possessing an/or purchasing a firearm or other weapon.

{¶20} "08 See the Miscellaneous Field for comments regarding the specific terms and conditions of this Order.

{¶21} "Miscellaneous comments: Respondent may be within 500 feet of Petitioner for purposes of child exchanges, so long as he has no contact with Petitioner."

{¶22} The October 23, 2010 email from appellant to Ms. Rowan's grandparents included various comments about her and a threat to press contempt charges against her.  It specifically stated "[y]ou can relay this to Danielle":

{¶23} "Well Danni has one (sic) the first battle.

{¶24} "Lynette probably slept with this judge or slept with Steiner again and had him talk to this dishonest judge to get this kind of decision.

{¶25} "Danni is in contempt of court.

{¶26} "I am to have first refusal and Danni is working.

{¶27} "So were (sic) is my Carlee?

{¶28} "She it (sic) to be with her father if her mother has to work on my days off!

{¶29} "I am pressing contempt of court charges against Danielle, I have about 20 documented (sic) and I am fileing (sic) charges against your daughter for tampering with documents too.

{¶30} "Its (sic) really a shame that Danielle slept with so many guys that she doesn't know who Vincent's father is. I'm so glad I am n***.

{¶31} "At least she got the slut thing honestly from her mother.

{¶32} "I feek (sic) sorry for Pat when she takes hime (sic) for all he is worth, like her previous two husbands.

{¶33} "You can relay this to Danielle.

{¶34} "And I know you also don't love the grand children like you should or you would quite (sic) smoking around them.

{¶35} "Children's services have been notified about that and several other things.

{¶36} "It is by far not over!!"

{¶37} Ms. Rowan's, grandfather, Francis Downing, testified he received the email and forwarded it to his granddaughter. T. at 15, 17.

{¶38} At the conclusion of the bench trial, the trial court made the following finding:

{¶39} "Um, the Court finds particularly important in this case, uh, the statement you can, you can relay this to Danielle. Uh, I would agree with Mr. Stokes that if Mr. Kemery had sent a message, basically saying Ms. Rowan is a terrible person and here are all the reasons why and these are all the reasons why she's, uh, horrible, and I can't

stand her um, and nothing more, that there wouldn't be a violation here.  Uh, but I think, um, and the Court finds that his comment you can relay this to Danielle, consciously disregarded a known risk, that Mr. Downing would forward the message along.  In fact, it almost invited him to.  And while I understand the argument that the defense counsel made regarding the differentiations between the words <u>can</u> and <u>may</u>, uh, that may goes towards perhaps intent or maybe even knowing standard, but he certainly consciously disregarded a known risk that Mr. Downing would forward the message along to Danielle.   And so while I, I believe this is a technical violation, it's a violation, nonetheless."  T. at 32.

{¶40}  We concur with the trial court's analysis.  There was no reason to subject the Downings to the ramblings of the email except to convey the message to Ms. Rowan in contravention of the mandates of the civil protection order.

{¶41}  Upon review, we find sufficient evidence to find appellant guilty of violating the civil protection order, and no manifest miscarriage of justice.

{¶42}  Assignments of Error I and II are denied.

{¶43} The judgment of the Municipal Court of Licking County, Ohio is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and

Delaney, J. concur.


s/ Sheila G. Farmer_____


s/ William B. Hoffman_____


s/ Patricia A. Delaney_____

JUDGES


SGF/sg 110

[Cite as *State v. Kemery*, 2011-Ohio-6043.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| LEE  DARREN KEMERY | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 11-CA-55 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Licking County, Ohio is affirmed.  Costs to appellant.

s/ Sheila G. Farmer_____

s/ William B. Hoffman_____

s/ Patricia A. Delaney_____

JUDGES